UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | NO. 1:10-CR-211-RJJ |
| vs. | § | |
| | § | |
| | § | *Hearing & Oral Argument* |
| RYAN STEENSMA | § | *Requested* |
| | § | |

**DEFENDANT STEENSMA'S MOTION TO RECUSE**
**(Hearing and Oral Argument Requested)**

TO THE HONORABLE JUDGE ROBERT J. JONKER, U.S. DISTRICT
JUDGE FOR THE WESTERN DISTRICT OF MICHIGAN:

Defendant Ryan Steensma, through undersigned counsel, files this
Motion to Recuse Assistant United States Attorney ("AUSA") Timothy
Verhey from participation as an advocate in the trial of this case. As set forth
in more detail in the attached Brief, Mr. Steensma presents the following
bases for his arguments:

1. The Court has tentatively ruled that the Government's proposed
   expert testimony can be presented to the petit jury. This expert
   testimony relates to Defendant Stephanie Prickett's fingerprints,
   which have been identified on a document marked as Grand Jury
   Exhibit 18. Grand Jury Exhibit 18 is allegedly an altered or forged

template document that the Government believes is fraudulent on its face.

2. Ms. Prickett will present evidence establishing that she removed Grand Jury Exhibit 18 from its plastic envelope and touched it at the explicit invitation of AUSA Verhey during the grand jury process. The grand jury transcript supports her account. Ms. Prickett will also present evidence that she never touched or saw Grand Jury Exhibit 18 prior to her federal grand jury appearance. The Government will present contrary evidence.

3. The Government's proffered fingerprint evidence and expert testimony are clearly critical to its case against Ms. Prickett, and she is unquestionably entitled to vigorously contest and explain this alleged proof in front of the jury. Ms. Prickett is also entitled to present evidence to the trial jury that the Government mishandled Grand Jury Exhibit, 18 before and during her grand jury appearance.

4. AUSA Verhey has rendered himself an important fact witness by virtue of his presence in the grand jury room and his invitation to Ms. Prickett to "take [Grand Jury Exhibit 18] out." He is a key witness regarding everything that occurred within the grand jury

2

room during Ms. Prickett's appearance. He is a key witness concerning some of the things that occurred outside the grand jury room. As such, he is a potential trial witness.

5. An attorney cannot be both an advocate and a witness in the same case.

6. Even if AUSA Verhey does not become an actual witness, he may easily become an unsworn witness if the trial jury knows or suspects that he was the grand jury prosecutor who invited Ms. Prickett to take out Grand Jury Exhibit 18. Prophylactic measures will probably not prevent the trial jury from having this (correct) impression, in the unique circumstances of this case. Given the importance of the invitation to Ms. Prickett to take Grand Jury Exhibit 18 out, the trial jury may wonder why the grand jury prosecutor who made the invitation has not been called as a trial witness. It would only be natural for the trial jurors to speculate that AUSA Verhey is that very prosecutor.

7. The prejudice ensuing from the unsworn testimony of AUSA Verhey is potentially as dangerous as the prejudice that would ensue from his presence on the witness stand.

3

8. Although the proffered Government testimony at issue in this case relates to Ms. Prickett, the potential prejudice arising from AUSA Verhey's sworn or unsworn testimony will also affect Mr. Steensma as he is being tried together with Ms. Prickett. His Fifth Amendment due process right to a fair trial will be compromised.

9. In the event that the Court denies this Motion to Recuse, Mr. Steensma respectfully requests that the Court impose stringent prophylactic rules to ensure that the trial jury does not suspect that AUSA Verhey was the prosecutor who instructed Ms. Prickett to take Grand Jury Exhibit 18 out of its protective cover.

10. Mr. Steensma requests that the Court schedule a hearing so that this matter can be resolved well in advance of the scheduled trial date.

11. Undersigned counsel has conferred with counsel for the Government, who opposes this Motion to Recuse.

Wherefore, premises considered, Defendant Steensma respectfully requests that the court grant his request for a hearing and oral argument, and his Motion to Recuse.

Respectfully submitted,

/s/ *Solomon L. Wisenberg*
SOLOMON L. WISENBERG

4

Barnes & Thornburg, LLP
1717 Pennsylvania Avenue NW
Suite 500
Washington, DC 20006
DC Bar No. 464867
(202) 371-6378 (Telephone)
(202) 289-1330 (Facsimile)
swisenberg@btlaw.com


JEFFREY G. MUTH
Barnes & Thornburg, LLP
171 Monroe Avenue NW
Suite 1000
Grand Rapids, Michigan 49503
MI Bar No. P65041
(616) 742-3946 (Telephone)
(616) 742-3999 (Facsimile)
jmuth@btlaw.com

*Attorneys for Ryan Steensma*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the document to be served on Assistant U.S. Attorney Timothy Verhey.

/s/ *Solomon L. Wisenberg*
SOLOMON L. WISENBERG

*Attorney for Ryan Steensma*