UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                    No.   1:10-CR-211

       vs.                           Hon. Robert J. Jonker
                                      U.S. District Judge

RYAN STEENSMA,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## TO RECUSE THE PROSECUTOR

Stephanie Prickett's fingerprint has been discovered on an incriminating document. The government may introduce this evidence as proof of her guilt of the crimes charged against her. She has claimed that the only time she touched the document is during her grand jury appearance, when undersigned counsel allowed her to touch it. This Court has ruled that this is a chain of custody issue to be resolved by the jury. (R. 113: Order.) Prickett has demanded that government counsel be recused from the case as a result of her claim. Ryan Steensma now joins that request.

The government has responded to Prickett's arguments for recusal, and to the extent that Steensma may be heard on this issue, the government relies upon the arguments it made in connection with her claim. However, Ryan Steensma has no standing to raise this issue because it has nothing to do with him.

Steensma claims that he has an interest in this issue because it affects his right to a fair trial. He does not explain, however, how this issue will deny him a fair trial. The Sixth Circuit demands that such a showing be made before a defendant is allowed to litigate an issue relating to the alleged infringement of another defendant's rights. For example, in *United States v. Wrice*, 954 F.2d 406 (6th Cir. 1992) the Court ruled that Wrice had no standing to argue that it was error for his codefendant's statement to be redacted in accordance with *Bruton v. United States,* 391 U.S. 123 (1968). If there was an error, it compromised the codefendant's rights, not his, and he could not be heard on the issue. 954 F.2d at 410. In an unpublished case, the Court has held that one defendant lacked standing to argue that his codefendant was represented an attorney with a conflict of interest. *United States v. Hourani*, 172 F.3d 50, 1999WL16472 *1 (6th Cir. 1999). In both cases, the Court denied the defendant to raise the issue because there was no showing that the complaining defendant's own rights were compromised.

On the other hand, allegedly faulty rulings pertaining to one defendant can be litigated by another defendant if the second defendant can show his rights have somehow been compromised. *Murr v. United States*, 200 F.3d 895, 903 (6th Cir. 2000)(Murr could object to trial of his codefendant *in absentia* if he could show his own right to a fair trial was compromised as a result); *United States v. Walker,* 160 F.3d 1078, 1083 (6th Cir. 1998)(Walker entitled to raise a juror bias issue arising from a codefendant's encounter with juror in the elevator because the bias could spill over to Walker).

2

In this case, Prickett argues that she might be placed in an unfair credibility contest if she claims undersigned counsel allowed her to handle the documents that now bear her fingerprints. Steensma will never be in a position to make such a claim, so there is no chance that his right to a fair trial will be compromised. Accordingly, he has no standing to raise this issue and his arguments on the matter should be disregarded.

        Respectfully submitted,

        DONALD A. DAVIS
        United States Attorney

Dated: March 31, 2011         *Timothy P. VerHey*
        TIMOTHY VERHEY
        Assistant United States Attorney
        P.O. Box 208
        Grand Rapids, MI 49501-0208
        (616) 456-2404